**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **BRIAN BOWEN**, | Case No. 3:25-cv-01934-IM |
| Plaintiff, | **ORDER DENYING MOTION FOR ATTORNEY'S FEES** |
| v. | |
| **TIMOTHY MINEO**, an individual; **EASTSIDE FOOT AND ANKLE, LLC**, an Oregon limited liability company, | |
| Defendants. | |

Before this Court is Plaintiff's Motion for Attorney Fees ("Motion"), ECF 10. On April 7, 2026, this Court granted Defendants' Motion to Dismiss, ECF 6, for lack of subject-matter jurisdiction, ECF 8. In Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff explicitly conceded that "this matter has been made moot by defendants' release of plaintiff's 401(k) account." Plaintiff's Response, ECF 7 at 1. This Court agreed with the parties, and because the case was dismissed without prejudice, this Court never proceeded to evaluating the merits of Plaintiff's claims. *See Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257 F.3d 1071, 1076 (9th Cir. 2001) ("Article III of the Constitution prohibits federal courts from taking further actions on the merits in moot cases."); Order, ECF 8. As a result, Plaintiff never showed "some degree of

PAGE 1 – ORDER DENYING MOTION FOR ATTORNEY'S FEES

success on the merits" of his claims, which is required to receive attorney's fees under 29 U.S.C. § 1132(g)(1). *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010)). Because Plaintiff does not satisfy the statutory requirement for attorney fees, he is not entitled to any fees, and this Court need not weigh "the traditional five factors under *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446 (9th Cir. 1980), before exercising its discretion to grant fees." *Id.* at 1119.

Plaintiff resists this conclusion by pointing to the fact that "[c]ourts have disagreed as to whether a catalyst theory is permissible" to recover fees under 29 U.S.C. § 1132(g)(1). *Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*, 963 F. Supp. 2d 950, 964 (N.D. Cal. 2013). Given that Plaintiff did not even dispute this Court's lack of jurisdiction over his claims, in this case, this Court agrees with the courts that have denied recovery based on a catalyst theory. *See Reimann v. Prudential Ins. Co. of Am.*, No. 10-cv-456, 2010 WL 4116743, at *2 (E.D. Wisc. Oct. 19, 2010) ("No merits were ever reached. Thus, the court is constrained by the Supreme Court's precedent and finds a lack of 'some success on the merits.'"); *Templin v. Indep. Blue Cross*, No. 09-4092, 2011 WL 3664427, at *6 (Aug. 19, 2011) ("Here, although Plaintiffs received that which they sought as relief in this case, albeit in an untimely manner, this relief was provided by Defendants, not the Court, and was not achieved by any substantive determination by the Court."). Plaintiff's Motion is therefore DENIED.

**IT IS SO ORDERED.**

DATED this 11th day of August, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 2 – ORDER DENYING MOTION FOR ATTORNEY'S FEES